## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JOHN PRITCHARD,

      Plaintiff,

      v.

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,[1]

      Defendant.

CIVIL ACTION NO. 3:20-cv-01874

(SAPORITO, M.J.)

## MEMORANDUM

In this matter, the plaintiff, John Pritchard, seeks judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits and supplemental security income, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). The matter has been referred to the undersigned United States magistrate judge on consent of the parties, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. She has been automatically substituted in place of the original defendant, Andrew Saul. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security). The caption in this case is amended to reflect this change.

## I.  BACKGROUND

On January 5, 2018, Pritchard protectively filed a claim for disability insurance benefits. On January 9, 2018, he filed a claim for supplemental security income. Each application asserted a disability onset date of January 1, 2014. (Tr. 10.) The claims were initially denied by state agency reviewers on March 15, 2018. The plaintiff then requested an administrative hearing.

A hearing was subsequently held on February 27, 2019, before administrative law judge Mike Oleyar (the "ALJ"). The ALJ received testimony from the plaintiff and an impartial vocational expert, Michele Giorgio.

On July 24, 2019, the ALJ denied Pritchard's applications in a written decision. (Tr. 10-20.) The ALJ followed the familiar five-step sequential evaluation process in determining that Pritchard was not disabled under the Social Security Act. *See generally Myers v. Berryhill*, 373 F. Supp. 3d 528, 534 (M.D. Pa. 2019) (describing the five-step sequential evaluation process). First, the ALJ found that Pritchard met the insured status requirements through December 31, 2019. At step one, the ALJ found that Pritchard had not engaged in substantial gainful

activity since January 1, 2014, the alleged onset date. At step two, the ALJ found that Pritchard had the severe impairments of: cervical and lumbar degenerative disc disease, sciatica, lumbosacral neuroforaminal stenosis, grade 1 retrolisthesis L4 on L5, and L5 on S1, left knee bursitis, degenerative joint disease bilateral hips, bilateral femoral acetabular impingement of hips, tear of right superior labrum and anterior superior labrum, blunting and fraying of left superior labrum, partial tear of left hamstring, status post right hip arthroplasty with labral repair and femoroplasty and acetabular microfracture, history of bilateral carpal tunnel syndrome, Hepatitis C, obstructive sleep apnea, and obesity. (Tr. 13.) The ALJ found that Pritchard had the following non-severe impairments:  hypertension, hyperlipidemia, gastroesophageal reflux disease (GERD), and history of intravenous drug use in remission. At step three, the ALJ found that Pritchard did not have an impairment or combination of impairments that meets or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Between steps three and four of the sequential evaluation process, the ALJ assessed Pritchard's residual functional capacity ("RFC"). *See generally id.* at 534 n.4 (defining RFC). After evaluating the relevant

evidence of record, the ALJ found that Pritchard had the RFC to perform

"sedentary work"[2] as defined in 20 C.F.R. 404.1567(a) and 416.967(a)

with the following limitations:

> [The claimant will have a] sit stand option every thirty
> (30) minutes. He can frequently handle, finger, and
> feel, with the bilateral upper extremities. He could
> occasionally balance, stoop, crouch, and climb on ramps
> and stairs, but never climb on ladders, ropes, or
> scaffolds, kneel, or crawl. He can occasionally use foot
> controls with the bilateral lower extremities, and
> operate a motor vehicle. He can occasionally be exposed
> to atmospheric conditions, such as extreme cold, heat,
> wetness and humidity, but may never be exposed to
> vibration.

(Tr. 15.)

In making these factual findings regarding Pritchard's RFC, the

ALJ considered his symptoms and the extent to which they could

reasonably be accepted as consistent with the objective medical evidence

and other evidence of record. *See generally* 20 C.F.R. §§ 404.1529,

416.929; Soc. Sec. Ruling 16-3p, 2017 WL 5180304. The ALJ also

considered and articulated how persuasive he found the prior

---

[2] The Social Security regulations define "sedentary work" as a job
that "involves lifting no more than 10 pounds at a time and occasionally
lifting or carrying articles like docket files, ledger, and small tools." 20
C.F.R. §§ 404.1567(a), 416.967(a).

administrative medical finding of record. *See generally* 20 C.F.R. §§ 404.1520c, 416.920c

At step four, the ALJ found that the plaintiff is unable to perform any of his past relevant work as a glassmaker, glazer, and laborer, which were all skilled positions with an SVP of 7 which are usually performed at a medium exertional level but were actually performed at a heavy exertional level. (Tr. 22.)

At step five, based on the RFC and on testimony by the vocational expert, the ALJ concluded that Pritchard was capable of performing work as a telephone quotation clerk, which the ALJ referred to as "information and reception," DOT# 237.367-046,[3] which is a sedentary exertional level, unskilled position with an SVP of 2, with approximately 87,000 jobs in the national economy; as an order clerk, DOT# 209.567-014,[4] which is a sedentary exertional level, unskilled position with an SVP of 2, with approximately 18,500 jobs in the national economy; and as an election clerk, which the ALJ referred to as "general office clerk," DOT# 205.367-

---

[3] *See* DICOT 237.367-046, 1991 WL 672194 ("telephone quotation clerk").

[4] *See* DICOT 209.567-014, 1991 WL 671794 ("order clerk, food and beverage").

030,[5] which is a sedentary exertional level, unskilled position with an SVP of 2, with approximately 91,000 jobs in the national economy. (Tr. 19.) Based on this finding, the ALJ concluded that Pritchard was not disabled for Social Security purposes.

The plaintiff sought further administrative review of his claims by the Appeals Council, but his request was denied on August 11, 2020, making the ALJ's July 2019 decision the final decision of the Commissioner subject to judicial review by this court. (Tr. 1.)

Pritchard timely filed his complaint in this court on October 11, 2020. The Commissioner has filed an answer to the complaint, together with a certified copy of the administrative record. Both parties have filed their briefs, and this matter is now ripe for decision.

## II.   DISCUSSION

Under the Social Security Act, the question before this court is not whether the claimant is disabled, but whether the Commissioner's finding that he is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See generally* 42 U.S.C. § 405(g) (sentence five); *id.* § 1383(c)(3); *Myers*, 373

---

[5] *See* DICOT 205.367-030, 1991 WL 671719 ("election clerk").

F. Supp. 3d at 533 (describing standard of judicial review for social security disability insurance benefits and supplemental security income administrative decisions).

Pritchard asserts on appeal that the ALJ's RFC determination is not supported by substantial evidence because: (1) the ALJ improperly weighed the subjective evidence of the plaintiff's limitations by failing to give great weight to that testimony without providing medical evidence which refuted that subjective evidence, and (2) the ALJ selectively discussed evidence, favoring evidence which supported his decision and minimized evidence which did not. (Doc. 36, at 19, 27-28.)

## A. Evaluation of Medical Opinions

The plaintiff contends that the ALJ did not have a proper basis in medical evidence for rejecting the plaintiff's subjective testimony. (Doc. 36, at 19.) Plaintiff contends that contradictory medical evidence is required for an ALJ to reject a plaintiff's subjective complaints. To the contrary, the applicable regulations provide that an ALJ will rely upon both medical and nonmedical evidence when evaluating a plaintiff's subjective testimony. 20 C.F.R. § 404.1529(a)(c)(1), 416.929(a)(c)(1). However, in general, persuasive medical opinions constitute substantial

evidence on which the ALJ may base his or her decision, including rejection of the plaintiff's subjective testimony. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361–62 (3d Cir. 2011) (holding that the ALJ's decision was supported by substantial evidence when the ALJ explained the weight given to medical opinions and the degree to which a claimant's testimony was credited and ultimately relied upon a medical opinion in formulating the RFC); *see also Miles v. Astrue*, No. CIV. A. 05-5892, 2007 WL 764037, at *4 (E.D. Pa. Mar. 9, 2007) (finding that the ALJ articulated a proper basis for rejecting the plaintiff's testimony where the ALJ discussed contradictory medical opinions and inconsistent testimony by the plaintiff); *see also Gomez v. Saul*, No. 1:18-CV-01162-SKO, 2019 WL 5172175, at *14 (E.D. Cal. Oct. 15, 2019) (citing *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("The contradiction between Plaintiff's subjective complaints and the doctors' medical opinions is a sufficient basis to reject Plaintiff's subjective testimony."). Therefore, we will begin by determining whether the ALJ properly evaluated and relied upon a persuasive medical opinion. If so, the ALJ's decision is supported by substantial evidence.

"Medical opinions are statements from acceptable medical sources

that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1) (applicable to claims filed before Mar. 27, 2017). As a preface, we note that, in evaluating the medical opinion evidence of record, an "ALJ is not only entitled, but required to choose between" conflicting medical opinions. *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981); *see also Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009). "[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [an ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966). Ultimately, to reverse the ALJ's findings and decision, "we must find that the evidence not only *supports* [a contrary] conclusion, but *compels* it." *Immigration & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

Here, the plaintiff originally filed his administrative claim for benefits in January 2018. Thus, a relatively new regulatory framework governing the evaluation of medical opinion evidence applies to this case.

- 9 -

"The new regulations have been described as a 'paradigm shift' in the way medical opinions are evaluated." *Knittle v. Kijakazi*, Civil No. 1:20-CV-00945, 2021 WL 5918706, at *4 (M.D. Pa. Dec. 15, 2021). "Prior to March 2017, ALJs were required to follow regulations which defined medical opinions narrowly and created a hierarchy of medical source opinions with treating sources at the apex of this hierarchy." *Densberger v. Saul*, Civil No. 1:20-CV-772, 2021 WL 1172982, at *7 (M.D. Pa. Mar. 29, 2021). Under this prior regulatory scheme, the Social Security Administration "followed the 'treating physician rule,' which required the agency to give controlling weight to a treating source's opinion, so long as it was 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and not 'inconsistent with the other substantial evidence' in the record." *Michelle K. v. Comm'r of Soc. Sec.*, 527 F. Supp. 3d 476, 481 (W.D. Pa. 2021). However, the regulations governing the evaluation of medical evidence were amended and the treating physician rule was eliminated effective March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844 (Jan. 18, 2017); *see also Densberger*, 202 WL 1172982, at *7–*8; *Michelle K.*, 527 F. Supp. 3d at 481. "The range of opinions that ALJs were enjoined

to consider were broadened substantially and the approach to evaluating opinions was changed from a hierarchical form of review to a more holistic analysis." *Densberger*, 2021 WL 1172982, at *7.

Under the new regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520(a), 416.920c(a), "Rather than assigning weight to medical opinions, [an ALJ] will articulate 'how persuasive' he or she finds the medical opinions." *Knittle*, 2021 WL 5918706, at *4; *see also* 20 C.F.R. §§ 404.1520, 416.920c(b). The agency will consider how persuasive it finds each medical opinion and prior administrative medical finding in the case record using the following factors: "(1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, purpose and extent of the treatment relationship, and the examining relationship; (4) specialization; and (5) any other factors that 'tend to support or contradict a medical opinion or prior administrative medical finding.' " *Michelle K.*, 527 F. Supp. 3d at 481; *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a);

*Densberger*, 2021 WL 1172982, at \*8. Under the new regulations, "[t]he two 'most important factors for determining the persuasiveness of medical opinions are consistency and supportability,' which are the 'same factors' that formed the foundation of the treating source rule." *Densberger*, 2021 WL 1172982, at \*8; *see also* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The regulations explain supportability thusly: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(1). With regard to consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(2). An ALJ is specifically required to address these two factors in his or her decision. *See* 20 C.F.R. §§ 404.1520(c)(b)(2), 416.920c(b)(2); *see also Densberger*, 2021 1172982, at \*8; *Michelle K.*, 527 F. Supp. 3d at 482. "The ALJ may—but is not required to—explain how he considered

the remaining factors." *Michelle K.*, 527 F. Supp. 3d at 482; *see also* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Densberger*, 2021 WL 1172982, at \*8. "However, when the ALJ has found two or more medical opinions to be equally well supported and consistent with the record, but not exactly the same, the ALJ must articulate how he or she considered [the remaining] factors . . . ." *Densberger*, 2021 WL 1172982, at \*8; *see also* 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3); *Michelle K.*, 527 F. Supp. 3d at 482.

Furthermore, "[a]s a lay fact-finder, it is the ALJ's responsibility to secure a medical opinion explaining a claimant's functional limitations. The ALJ is not permitted to speculate based solely upon his or her interpretation of the medical records, and must properly develop the record with regard to facts essential to a disability determination." *Sparaney v. Kijakazi*, No. 3:20-CV-02054, 2022 WL 969619, at \*8 (M.D. Pa. Mar. 30, 2022) (quoting *Forberger v. Astrue*, Civil Action No. 10-376, 2011 WL 1085684, at \*14 (W.D. Pa. Mar. 21, 2011) and collecting cases). Where an ALJ has discounted all medical opinions on certain limitations or where there is no medical opinion on those limitations, the ALJ necessarily uses his own lay interpretation of the claimant's medical

records in his decision, which constitutes error. *Id.* at \*8 (citing *Simpson v. Kijakazi*, Civil No. 1:20-CV-00275, 2021 WL 3869942, at \*9–\*10 (M.D. Pa. Aug. 27, 2021) and *McKean v. Colvin*, 150 F. Supp. 3d 406, 418 (M.D. Pa. 2015)). Likewise, an RFC determination is not supported by substantial evidence where an ALJ relied solely upon medical opinions that predate the deterioration of a plaintiff's impairments if medical evidence received into the record suggests such post-opinion deterioration. *Id.* at \*10 (collecting cases).

**B. The ALJ's Analysis of the State Consultant's Opinion**

The plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ did not have a proper basis for rejecting the plaintiff's subjective testimony. (Doc. 36, at 19.) We first review the ALJ's analysis of the only medical opinion in the record to determine whether a proper basis is found there. In his decision, the ALJ provided only the following analysis of the state consultant's opinion:

> As it pertains to the claimant's physical functioning[,] the undersigned considered the state agency assessment of Gene Whang, MD, and found it partially persuasive (Exhibit 1A). Dr. Whang limited claimant to light work, with postural limitations. Dr. Whang's opinion regarding the weight claimant is capable of lifting is consistent with, and supported by the evidence,

specifically the generally mild examinations of
claimant's back and neck. However, considering
claimant'[s] recent arthroscopic right hip surgery,
and the evidence Dr. Whang did not have the
opportunity to review, the undersigned imposed
postural limitations as outlined above. For these
reasons, the opinion of Dr. Whang is partially
persuasive.

(Tr. 18.)

When analyzing the consistency of a medical opinion or state
medical consultant's opinion, the ALJ considers how consistent a medical
opinion or prior administrative medical finding is with the evidence from
other medical sources and nonmedical sources in the claim. 20 C.F.R. §
404.1520c(2), 416.920c(2). Here, the ALJ said only the following with
regard to consistency of the prior administrative medical finding:  "Dr.
Whang's opinion regarding the weight claimant is capable of lifting is
consistent with . . . the evidence, specifically the generally mild
examinations of claimant's back and neck." (Tr. 18.) The ALJ provides no
relevant citations to the record evidencing the mild nature of such
examinations. Furthermore, the ALJ does not address the effect of the
identified disorders of the hips on the plaintiff's ability to lift.

When analyzing the supportability of a medical opinion or state
medical consultant's opinion, the ALJ considers how "relevant the

objective medical evidence and supporting explanations presented by a medical source are to support [the] administrative medical finding." 20 C.F.R. § 404.1520c(1), 416.920c(1). Here, the ALJ does not discuss the relevance of the objective medical evidence nor the explanations presented by the administrative medical consultant, Dr. Whang, at the end of Dr. Whang's RFC assessment. (Tr. 52-53.) Therefore, we cannot find that the ALJ properly analyzed the medical opinion in accordance with the applicable regulations.

Furthermore, the ALJ stated that Dr. Whang's opinion was only partially persuasive because Dr. Whang did not review the "claimant'[s] recent arthroscopic right hip surgery" and other new evidence. (Tr. 18.) Dr. Whang issued his opinion on March 14, 2018, and cited to imaging and evaluations of the plaintiff's lumbar and cervical spine, wrists, knee, thigh, and elbow. (Tr. 52-53.) Notably, there are no references to the plaintiff's hips, imaging of hips, nor hip dysfunction in Dr. Whang's opinion. (*See* Tr. 47-55.) In his brief, the plaintiff alleged that Dr. Whang reviewed medical records "through approximately January 9, 2018." (Doc. 36, at 9.) The plaintiff alleges that hip surgery was first discussed on September 11, 2018, and the ALJ in his decision listed the first

notation of hip dysfunction as occurring in August of 2018. (Tr. 16; Doc. 36, at 11.) This evidence indicates that Dr. Whang never reviewed any medical evidence regarding the plaintiff's hip disfunction. An RFC determination is not supported by substantial evidence where an ALJ relied solely upon medical opinions that predate the deterioration of a plaintiff's impairments if medical evidence received into the record suggests such post-opinion deterioration. *Sparaney*, 2022 WL 969619, at *10. Here, the only medical opinion upon which the ALJ could have relied was the opinion of Dr. Whang, and record evidence suggests the plaintiff's condition worsened after Dr. Whang issued his opinion. Therefore, as Dr. Whang's opinion lacked the full array of conditions encountered by the plaintiff, the ALJ could not formulate an RFC on Dr. Whang's opinion alone.  Under these circumstances, the ALJ's RFC determination is not supported by substantial evidence.  *See Cincola v. Berryhill*, Civil Action No. 3:16-0413, 2018 WL 1065109, at *1 (M.D. Pa. Feb. 27, 2018); *Coniglio v. Colvin,* Civil Action No. 15-40, 2016 WL 4385870, at *12 (E.D. Pa. July 26, 2016); *Kroh v. Colvin*, No. 3:13-CV-01533, 2014 WL 4384675, at *21 (M.D. Pa. Sept. 4, 2014). Accordingly, in light of the foregoing we are unable to conclude that substantial evidence supports the ALJ's RFC

determination.

### III.   CONCLUSION

Based on the foregoing, we conclude that the Commissioner's finding that Pritchard was not disabled is not supported by substantial evidence. Accordingly, the Commissioner's decision denying his application for disability insurance benefits will be VACATED and the case will be **REMANDED** for further proceedings consistent with this opinion.

An appropriate Order follows.

Dated: September 30, 2022                    *__s/Joseph F. Saporito, Jr.__*
                                             JOSEPH F. SAPORITO, JR.
                                             United States Magistrate Judge